UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEPHEN ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>  Defendant. | No. 2:17-cv-2087-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") terminating his Disability Insurance Benefits ("DIB") and requiring him to reimburse the Social Security Administration ("SSA") over $93,000 in overpaid benefits. The parties have filed cross-motions for summary judgment. ECF No. 15 & 18. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   Procedural History

In 1982, plaintiff was found to be disabled due to statutory blindness and was awarded Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Administrative Record ("AR"), ECF No. 8-3, 100-16. On April 16, 2013, plaintiff was sent a Notice of Change in Benefits, advising him that he was no longer entitled to disability benefits effective April 2011

1

due to an ability to engage in substantial gainful activity. *Id*. at 120-123. He was also notified that he was overpaid benefits from April 2011 through March 2013 in the amount of $93,572, which he was required to repay. *Id*. On reconsideration, that determination was affirmed. *Id*. at 129, 203-06. Thereafter, two hearing were held before administrative law judge ("ALJ") Peter F. Belli. *Id*. at 398-447. Plaintiff was represented by counsel at the hearings, at which plaintiff testified. *Id*.

On April 29, 2015, the ALJ issued a decision finding that plaintiff was overpaid in the amount of $93,572 and denying plaintiff's application for a waiver of the overpayment. *Id*. at 11-17. Plaintiff's request for Appeals Council's review was denied on August 11, 2017, leaving the ALJ decision as the final decision of the Commissioner. *Id*. at 3-6.

## II.  Legal Standards

The Commissioner's decision will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

## III.  Analysis

Plaintiff argues that the ALJ erred by (1) finding that he was not entitled to receive DIB benefits from April 2011 through March 2013, and (2) denying his application for waiver of the overpayment. ECF No. 15. For the reasons explained below, the matter must be remanded based on plaintiff's first argument. According, the court declines to address plaintiff's remaining argument.

A. <u>Relevant Background</u>

This case centers on whether plaintiff's self-employment income, which he earned through his participation in the California Department of Rehabilitation's Business Enterprises Program ("BEP"), was properly evaluated in determining whether he could perform substantial gainful activity. To fully understand the present dispute, some background on the Randolph-Sheppard Act and BEP is needed.

The Randolph–Sheppard Act was enacted in 1936 "[f]or the purpose of providing blind persons with remunerative employment, enlarging the economic opportunities of the blind, and stimulating the blind to greater efforts in striving to make themselves self-supporting." 20 U.S.C. § 107(a). The Act was created as "a cooperative federal-state program for the licensing, training, and placement of blind persons as operators on vending facilitates on federal, state, and other properties." *McNabb v. U.S. Dept. of Educ.*, 862 F.2d 681, 682 (8th Cir. 1988); *see Delaware Dep't of Health and Social Services v. United States Dep't of Educ.*, 772 F.2d 1123, 1126 (3d Cir. 1985). Pursuant to the Randolph-Sheppard Act, California established the BEP to provide blind persons with remunerative employment. *See* Cal. Wel. & Inst. Code §§ 19625, *et seq*. With respect to operating vending facilities[1] on state property, the BEP requires priority be given to blind persons. Cal. Wel. & Inst. Code § 19625(b).

A BEP vendor is responsible for the operation and management of the vending facility in accordance with the vendor's operating agreement. 9 C.C.R. § 7220(a). Generally, a participating vender is entitled to the vending facility income, which is based on the net proceeds after deduction of the cost of goods or other permissible expenses. Cal. Wel. & Inst. Code § 19625(a), (e). However, the BEP is authorized to set aside funds from a participant's net proceeds for the purpose of maintaining and purchasing equipment, constructing new vending facilities, funding a committee of blind vendors, and contributing to health-care insurance and retirement funds.[2] Cal. Wel. & Inst. Code § 19629(a)(1)-(5); *see* 9 C.C.R. § 7211(a)(42). A

---

[1] The term vending facilities includes "automatic vending machines, cafeterias, snackbars, catering or food concession vehicles, cart service, shelters, counters and any appropriate equipment." Cal. Wel. & Inst. Code § 19626.

3

vendor's failure to pay an assessed fee could result in suspension or termination of the vendor's license or operating agreement. 9 C.C.R. § 7213.1.

In September 2009, plaintiff entered into a contract with BEP to provide vending services at three California state prisons. AR 244-58. Under the contract, BEP was required to furnish and maintain the facilities' vending equipment and provide supervisory and management services needed to operate the facilities. *Id*. at 250. BEP retained all title and interest in all provided equipment, which plaintiff was required to turn over upon termination of the agreement. *Id*. 249. The contract provided that plaintiff's monthly income would be based on his net proceeds from the vending business, "less the fees paid to the Vending Facility Trust Fund." *Id*. at 249.

Providing vending services in California prisons proved to be a lucrative venture for plaintiff. He testified that his business employed 13 individuals (*id*. at 410), and his earning records for 2011, 2012, and 2013 reflect income of $414,466, $338,807, and $516,227, respectively (*id*. at 235). This income did not go unnoticed. The amount of plaintiff's net earnings from self-employment during the relevant time is material to whether he was engaged in substantial gainful work activity ("SGA ") for a period of more than six months and thus no longer considered to be disabled. *See* 20 C.F.R. 404.1575(d)(4). In February 2013, an SSA auditor noted that despite reporting taxable income over $500 thousand, plaintiff reported to the SSA that he had no "countable income." *Id*. at 60.

Plaintiff determined that he had no countable income by deducting from his vending facilities' net earnings the estimated monetary value of the services and equipment BEP and the California Department of Rehabilitation ("CDCR") provided for his vending business. *Id*. at 60-61. The auditor disputed that deduction. The auditor concluded that the deductions—which included the estimated cost of, among other things, equipment, maintenance, rent, utilities, and janitorial services—were not permitted because such benefits would have been provided to "any other vendor." *Id*. Based on that conclusion, the SSA determined that plaintiff's income (without

---

[2] The amount set aside may not exceed 6 percent of the facility's gross sales, and all funds set aside by BEP must be placed in a single fund. Cal. Wel. & Inst. Code § 19629(a)(1)-(5), (c).

4

the deductions) exceeded the threshold for establishing the ability to engage in substantial gainful activity, and that he was not entitled to disability benefits effective April 2011. *Id*. at 117-19.

In the hearing before the ALJ, plaintiff argued that the cost of utilities, equipment, equipment maintenance, rental value of the facilities, as well as other benefits provided to him by BEF and CDCR at no cost, are "uninccured business expenses." AR 14. He further argued that under the Commissioner's regulations, unincurred business expenses must be deducted from his self-employment earnings in assessing whether his countable income exceeded the threshold for substantial gainful activity. AR 14. In his decision, the ALJ concluded that the identified business expenses were not provided by the State free of charge, and therefore were not considered unincurred business expenses. *Id*. Based on plaintiff's self-employment earnings, the ALJ concluded that plaintiff's earnings established the ability to perform substantial gainful activity. *Id*. at 13-15. Plaintiff now challenges that determination.

B.  Discussion

Plaintiff argues that the ALJ erred in concluding that he did not have any uninccured business expenses in calculating his countable income.[3] ECF No. 15.

Substantial gainful activity is "work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is realized.'" 20 C.F.R. §§ 416.972(a), (b). A self-employed individual who is blind is considered to have engaged in substantial gainful activity if he has "rendered services that are significant to the operation of the business and received a substantial income from the business." 20 C.F.R. § 404.1575(a)(2)(i); SSR 83-34. To have received substantial income, an individual's "countable income" must exceed a threshold dollar amount established by the SSA.[4] SSR 83-34; *see* 20 C.F.R. § 404.1584, Table I.

---

[3] Plaintiff also argues that the ALJ erred in denying his request for a waiver of overpayment. ECF No. 15 at 14-17. Because remand is necessary based on the ALJ finding that plaintiff was overpaid benefits, the court declines to address whether plaintiff was improperly denied a waiver.

[4] Social Security regulations set higher earning thresholds for individuals who are disabled to due blindness than those disabled due to other impairments. *Compare* 20 C.F.R.

Of particular relevance here, "countable income" is calculated by deducting from the blind worker's net income the reasonable value of unpaid help furnished by others, including "unincurred business expenses" paid by an agency. 20 C.F.R. § 404.1575(c)(1). "An unincurred business expense occurs when a sponsoring agency . . . incurs responsibility for the payment of certain business expenses, e.g., rent, utilities, or purchases and repair of equipment, or provides you with equipment, stock, or other material for the operation of the claimant's business." *Id*.

As previously noted, the ALJ concluded that plaintiff's income for 2011, 2012, and 2013 exceeded the yearly threshold amounts for substantial gainful activity established by the SSA.[5] In reaching that finding, the ALJ rejected plaintiff's argument that the cost of the equipment, facilities, utilities, and other services provided by the Department of Rehabilitation constitutes "unincurred business expenses" that could be deducted from his net income in calculating his countable earnings. AR 14. The ALJ concluded that the value of these benefits did not constitute unincurred business expenses because plaintiff was charged a six percent fee "as the maximum 'set aside' fee under Cal. Wel. & Inst. Code. § 19629 and 9 C.C.R. § 7221(a)." *Id*.

In that regard, the ALJ provided the following explanation:

> Effectively, the claimant's 6% fee constitutes a form of rent. The claimant is provided all the equipment, the servicing of the equipment, the facilities, and the utilities needed to operate his business. In exchange, the claimant must pay the 6% fee or he would no longer be allowed to participate in the program. Thus, these business expenses do not constitute an unincurred business expense because the California Department of Rehabilitation does not provide the claimant with these business expense free of charge.

*Id*.

The ALJ's conclusion that the six percent fee represents a form of rent finds no support in the record. Plaintiff's contract with the BEF provides that the State will furnish plaintiff with the necessary equipment and any required maintenance to operate his vending business. AR 250.

---

§ 404.1574(b) *with* 20 C.F.R. § 404.1584(d).

[5] The threshold monthly income amount established by the regulations are $1,640 for 2011, $1,690 for 2012, and $1,740 for 2013. 20 C.F.R. § 404.1584, Table I; *see* http://www.ssa.gov/oact/cola.sga.html (providing cost of living updates for SGA amounts). There is no dispute that plaintiff's actual self-employed income easily exceeded these thresholds.

6

Furthermore, the operating agreements for the vending facilities provide that the California Department of Corrections and Rehabilitation will provide, at its own cost and expense, space for the facilities as well as all utilities. AR 278, 306. But there is nothing in the contract or the appended operation agreements suggesting that these business expenses were being supplied to plaintiff in exchange for six percent of his gross sales. Likewise, the relevant provision of the California Welfare and Institutions Code contains no language suggesting that the any assessed off-set fund is intended to serve as rent or payment for business expenses provided by the State. *See* Cal. Wel. & Inst. Code § 19629(a)(1)-(5); 9 C.C.R. § 7211(a)(42).

But more fundamentally, even assuming the assessed six percent fee was intended to permit the BEP to recover the costs of the services, equipment, and space it provided to plaintiff, the ALJ's finding remains unsupported. The ALJ made no attempt to assess the monetary value of the numerous business expenses plaintiff was provided by the BEP and CDCR. Nor did he make any findings regarding plaintiff's gross sales for 2011, 2012, and 2013, or the amount he was required to set-aside for the program's fund. Without such findings, there is no way to determine whether the six percent fee that was paid was sufficient to actually cover the businesses expenses provided and paid for by BEP and CDCR. If it was not, there remains expenses that were incurred by the State for the operation of plaintiff's business. Such expenses would be "unincurred business expenses," that must be deducted from plaintiff's income is assessing whether his countable earnings exceed the threshold for substantial gainful activity. *See* 20 C.F.R. § 404.1575(a)(2)(i), (c)(1); SSR 83-34. But because the ALJ failed to make such findings, the is no basis for finding that plaintiff's net earnings from self-employment were sufficient to establish substantial gainful activity under the regulations. Consequently, the ALJ's decision is not supported by substantial evidence and the matter must be remanded for further proceedings.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 30, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE