JESSE KAPLAN
Attorney at Law
5441 Fair Oaks Boulevard
Suite C-1
Carmichael, CA 95608
916-488-3030
Attorney for Plaintiff

McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL, CSBN 230138
Regional Chief Counsel, Region IX
Social Security Administration
Carol S. Clark, MOBN 42670
Special Assistant United States Attorney
Assistant Regional Counsel
  Social Security Administration, Region IX
  160 Spear Street, Suite 800
  San Francisco, California 94105
Tel: (415) 977-8975
E-mail: carol.s.clark@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JOHN STEPHEN ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:17-cv-02087-EFB<br><br>STIPULATION AND (~~PROPOSED~~) ORDER FOR THE AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) 28 U.S.C. § 2412(d) |

The Parties through their undersigned counsel, subject to the Court's approval, stipulate that Plaintiff be awarded attorney fees in the amount of FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS and 00/100 ($5,500.00), under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel, Jesse S. Kaplan.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA fees, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of FIVE THOUSAND FIVE HUNDRED FIFTY DOLLARS and 00/100 ($5,500.00) in EAJA attorney fees shall constitute a complete release from, and bar to, any and all claims that Plaintiff and Plaintiff's attorney, Jesse Kaplan, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's attorney to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: January 14, 2020  /s/ *Jesse Kaplan*
JESSE KAPLAN
Attorney for Plaintiff

Dated: January 14, 2020  McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By:  _*_ *Carol S. Clark*
Carol S. Clark
Special Assistant U.S. Attorney
Attorneys for Defendant
(*Permission to use electronic signature obtained via email on January 14, 2019).

The stipulation is approved. The Clerk is directed to terminate ECF No. 25.

So Ordered.

DATE: January 16, 2020.

HON. EDMUND F. BRENNAN
United States Magistrate Judge