UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEPHEN ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  2:17-cv-02087-EFB (SS)<br><br><br><br>ORDER |

　　　　Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $25,500.00.  ECF No. 30.  Defendant has filed a statement of non-opposition and response to the motion.  ECF No. 34.  Plaintiff has filed a short response to defendant's filing.  ECF No. 35.

　　　　Plaintiff filed the instant claim in October 2017, seeking judicial review of the Commissioner's findings.  ECF No. 1.  In September 2019, this Court entered judgment for plaintiff and remanded the matter to the agency for further proceedings.  ECF Nos. 23, 24.  On remand, the agency determined that plaintiff had not received an overpayment of benefits and was entitled to past-due benefits of $178,501.00.  ECF No. 30-2 at 1.  The agency did not withhold 25% of past-due benefits (approximately $44,000.00) to pay the attorney's authorized fee, as is customary.  Rather, the agency informed plaintiff that it was withholding $6,000.00 of past due benefits for the attorney's fee.  ECF No. 30-2 at 2.

In January 2020, pursuant to the parties' stipulation, the Court awarded plaintiff attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,500.00. ECF Nos. 26, 27. If plaintiff did not owe a federal debt, this amount was to be paid directly to plaintiff's counsel. ECF No. 27 at 2. Plaintiff's counsel avers that he has received the $5,500 in EAJA fees. ECF No. 30 at 5.

Plaintiff had previously entered into a retainer agreement with his attorney which provided that he would pay counsel 25% of any past-due benefits won as a result of the appeal in this case. ECF No. 30-1 at 1-2. The amount requested, $25,500.00, is less than 25% of the past due benefits awarded to plaintiff. *See* ECF No. 30-2 at 1. Plaintiff's attorney spent 28.5 hours litigating the case. ECF No. 30 at 10.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

/////

    The amount requested by counsel here, $25,500.00, represents an hourly rate of about $900.00. *See* ECF No. 34 at 5, n.2. Counsel did not delay these proceedings, and his representation of plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court. Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social Security law, and the results achieved in this case, the Court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

    Though defendant does not oppose the fee request, the parties dispute the proper mechanism for payment. The situation is unusual because the agency did not withhold 25% of past-due benefits following remand. Plaintiff's counsel proposes that plaintiff pay him $20,000.00 and allow counsel to retain the $5,500.00 EAJA payment, so that counsel receives a combined total fee of $25,500.00. Defendant asserts that this request is contrary to agency policy, citing the agency's Program Operations Manual System (POMS) GN 03920.55 (Failure to Withhold Past-due Benefits for Direct Payment to a Representative). This policy provides that if, after the Court issues a fee order, counsel is unable to collect the fee from plaintiff, and counsel reports this to the agency, the agency will pay counsel directly and initiate overpayment procedures from plaintiff. Plaintiff's counsel counters that he "expects Mr. Adams will pay the fee ordered by the Court . . . [such] that withholding will not be necessary." ECF No. 35 at 2.

    In a recent similar case, a district court declined to "provide specific instructions on how the fee is paid or recovered," reasoning that "the Agency will follow its own policy when addressing the failure to withhold the full 25% of the backpay." *Tracy W. v. Comm'r of Soc. Sec.*, NO: 1:16-CV-03132-LRS, 2021 WL 8497563, at *2 (E.D. Wash. Nov. 19, 2021). So too here.

The Court will award the full $25,500.00 in requested fees and direct plaintiff's counsel to refund the EAJA fees previously awarded – $5,500.00 – to plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff). Plaintiff's counsel may then, if necessary, follow the Commissioner's policy and established procedures for collecting the fees.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 30) is granted.
2. Defendant's motion for leave to file response (ECF No. 33) is granted *nunc pro tunc*.
3. Plaintiff's counsel is awarded a total of $25,500.00 in fees pursuant to 42 U.S.C. § 406(b).
4. Upon receipt of the $25,500.00 award, counsel shall refund to plaintiff the sum of $5,500.00, previously awarded under the EAJA.

Dated: August 2, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE